UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LELANI R. SNYDER, et al., | |
| Plaintiffs, | |
| v. | CASE NO. 3:21-CV-648-MGG |
| MERCEDES-BENZ USA, LLC, et al., | |
| Defendants. | |

**OPINION & ORDER**

On July 2, 2021, Lelani Snyder and Joseph Maniscalco filed a complaint against Mercedes-Benz USA, LLC ("MBUSA") and Jayco, Inc. Their complaint alleged that Defendants breached their factory warranties and violated state and federal laws by failing to perform satisfactory repairs on a new recreational vehicle they purchased in June 2020. Defendants filed separate summary judgment motions addressed herein. This Court may enter a ruling in this matter based on parties' consent pursuant to 28 U.S.C. § 636(c)(1). [DE 36]. As explained below, MBUSA's motion for summary judgment is granted while Jayco's motion for summary judgment is denied.

BACKGROUND

Plaintiffs purchased a 2020 Jayco Melbourne 24LP RV ("the RV") in June 2020 from a dealership in Montana. [DE 3 at 2]. The RV was manufactured by Jayco on a chassis built by MBUSA. [DE 23 at 1]. During the first several months following purchase, Plaintiffs sought repair of the RV at least five times. [DE 3 at 3, 18–41]. In October 2020,

frustrated by an alleged inability to restore the vehicle to proper operating condition, counsel for Plaintiffs contacted Jayco customer service demanding a full refund of the RV, plus attorney fees and damages, on Plaintiffs' behalf. [*Id*. at 43]. On June 17, 2021, Plaintiffs and MBUSA, identified as "Mercedes-Benz USA, LLC, Daimler Aktiengesellschaft, Mercedes-Benz Of Billings and all Mercedes-Benz USA Franchise Dealerships" ("Releasees"), entered into a Release Agreement ("the Release") in which Plaintiffs fully discharged

> all past, present and future claims for or with respect to any losses or damages of any form whatsoever alleged to have arisen as a result of [Plaintiffs'] purchase, ownership, lease, and/or use of [the RV[1] and] any asserted claims and claims that could be asserted in the future by the Releasor, her heirs, representatives successors and assigns arising out of the purchase, ownership and/or use of the [RV]

in exchange for MBUSA's repurchase of the RV for $105,316.56. [DE 23-1 at 1].

Despite the Release, Plaintiffs filed suit less than three weeks later on July 2, 2021, in Montana state court against both MBUSA and Jayco alleging claims of breach of factory warranty (Count I), breach of the Magnuson-Moss Warranty Act (Count II), and violation of Montana's "Lemon Law" (Count III). [DE 3 at 4–8]. The matter was later removed to federal court and venue transferred to the Northern District of Indiana. [DE 1, 8].

MBUSA and Jayco filed separate motions for summary judgment on October 19, 2021, and January 6, 2022, respectively. In their summary judgment motions, both argue that Plaintiffs were prohibited from bringing any claims against them in court by the

---

[1] In the Release Agreement, the RV is referred to by its chassis make and model—"2019 Mercedes-Benz 519 FG 4X2 4325"—rather than its RV make and model—"2020 Jayco Melbourne 24LP." *Compare* DE 3 at 2, ¶ 6, *with* DE 23-1 at 1. Both Plaintiffs' complaint and the Release Agreement refer to the vehicle at issue by the same VIN.

2

terms of the Release in which they waived "any and all past, present, and future claims" arising from ownership of the RV [DE 23-1]. Although not a party to the Release, Jayco argues that the terms equally apply to them.

In opposition to MBUSA's instant motion, Plaintiffs contend that a genuine issue of material fact exists as to the ambiguity of the Release and whether it precludes Plaintiffs' claims for attorney fees and costs.[2] In its reply, MBUSA argues that even if the Release were ambiguous as to claims for attorney fees and costs, Plaintiffs cannot succeed on those claims as a matter of law because they cannot meet the prevailing party requirement of the applicable statutes to qualify for those fees.

As to Jayco's motion for summary judgment, Plaintiffs filed no response despite being afforded ample time to do so. *See* N.D. Ind. L.R. 56-1(b).

## LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must construe all facts in the light most favorable to the non-moving

---

[2] In the "Statement of Facts" section of their response brief, Plaintiffs also suggest that discovery is necessary to gather information about a possible inconsistency between MBUSA's reference number for reviewing Plaintiffs' case and a reference number used by "the Customer Assistance Center" and "Sedgwick." [DE 31 at 2]. In their analysis, however, Plaintiffs only focus on the alleged ambiguity of the Release Agreement without developing any connection to the potential reference number issue. Therefore, any argument arising from the reference number is waived. *See United States v. Parkhurst*, 865 F.3d 509, 524 (7th Cir. 2017).

3

party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Joll v. Valparaiso Cmty. Schs.*, 953 F.3d 923, 924 (7th Cir. 2020).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Nor is the court "obliged to research and construct legal arguments for parties . . . ." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge*, 24 F.3d at 920. The court must grant a summary judgment motion when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011).

## DISCUSSION

An agreement that settles federal and state claims is governed by state contract law. *See Holmes v. Potter*, 552 F.3d 536, 539 (7th Cir. 2008) (quoting *Dillard v. Starcon Int'l*, 483 F.3d 502, 508 (7th Cir. 2007) ("a settlement of a federal claim is enforced 'just like any other contract' under the state law of contract")). Under Indiana law, a "release agreement is a species of contract that surrenders a claimant's right to prosecute a cause of action." *Zollman v. Geneva Leasing Assocs.*, 780 N.E.2d 387, 392 (Ind. Ct. App. 2002). Release agreements are "interpreted in the same manner as any other contract document, with the intention of the parties regarding the purpose of the document governing."

4

*Huffman v. Monroe Cnty. Cmty. Sch. Corp.*, 588 N.E.2d 1264, 1267 (Ind. 1992). The purpose of such agreements "is to foreclose further claims." *Id.* "[The Indiana] supreme court has stated that upholding releases serves an important public policy because it facilitates the orderly settlement of disputes." *Prall v. Ind. Nat'l Bank*, 627 N.E.2d 1374, 1377 (Ind. Ct. App. 1994) (citing *Ind. Bell Tel. Co., Inc. v. Mygrant*, 471 N.E.2d 660, 664 (Ind. 1984)).

"When the terms of a contract are drafted in clear and unambiguous language, [courts] will apply the plain and ordinary meaning of that language and enforce the contract according to those terms." *Haegert v. Univ. of Evansville*, 977 N.E.2d 924, 937 (Ind. 2012). "Absent an ambiguity, release provisions are interpreted as a matter of law, and [courts] look only to the instrument to ascertain the parties' intent." *Moore v. Wells Fargo Constr.*, 903 N.E.2d 525, 531 (Ind. Ct. App. 2009). "An ambiguity does not arise simply because the parties disagree on the interpretation, but '[r]ather language is ambiguous only if reasonable people could come to different conclusions about its meaning.'" *RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008) (quoting *Simon Prop. Grp. v. Mich. Sporting Goods Distribs., Inc.*, 837 N.E.2d 1058, 1070 (Ind. Ct. App. 2005)).

### MBUSA's Motion for Summary Judgment

The Release, in this case, is clear and unambiguous as it applies to MBUSA and must be enforced according to its terms. Plaintiffs do not dispute that MBUSA paid them $105,316.56 in exchange for the RV and "full discharge of any and all past, present and future claims for or with respect to any losses or damages of any form whatsoever alleged to have arisen as a result of [Plaintiffs'] purchase, ownership, and use of" the RV. [*See* DE 23-1]. Further, no one disputes that all parties to the Release satisfactorily performed their

5

obligations under the Release before Plaintiffs initiated this suit. Yet Plaintiffs' complaint raises breach of warranty and statutory claims based solely upon the defects in the RV and Plaintiffs' attempts to rectify those defects through the applicable warranties. In other words, Plaintiffs' claims in this action arise as a result of their purchase, ownership, and use of the RV in direct conflict with the clear and unambiguous terms of the Release. Plaintiffs present no genuine disputes of material fact to challenge the discharge provision of the Release as to Counts I—III of their complaint as against MBUSA, a signatory to the Release. Thus, Plaintiffs' operative claims against MBUSA are barred entitling MBUSA to judgment as a matter of law.

Nevertheless, Plaintiffs contest MBUSA's motion for summary judgment arguing that a genuine issue of material fact exists as to the ambiguity of the Release regarding discharge of any claims for attorney fees and costs. This argument fails.

Review of the language in the Release shows that Plaintiffs waived any claim for attorneys' fees resulting from the purchase, ownership, lease, or use of the RV. The Release states:

> [T]he Releasor[3] being of lawful age, does hereby fully release, settle, acquit and forever discharge Releasees and all of their agents, servants, or employees, from any and all actions, causes of actions, claims, demands, damages, costs, expenses, compensation or obligations, which the Releasor may have against Releasees on account of or in any way growing out of any alleged damages which allegedly resulted or may result from the purchase, ownership, lease or use of the 519 FG 4X2 4325 Vehicle.

---

[3] Plaintiffs are defined as "the Releasor" while MBUSA is among the Mercedes Benz entities defined collectively as "the Releasees" in the opening paragraph of the Release. [DE 23-1 at 1].

6

[DE 23-1 at 1, ¶ III]. While this provision does not use the words "attorney fees" explicitly, it does reflect Plaintiffs' discharge of "all actions, causes of actions, claims, demands, damages, costs, expenses, compensation or obligations" related to their experience with the RV. [*See id.*]. The plain and ordinary meaning of "damages, costs, expenses, compensation, or obligations" aptly includes any attorneys' fees Plaintiffs may have incurred as the result of their experiences with the RV. See *Haegert*, 977 N.E.2d at 937.

Moreover, Plaintiffs cannot be awarded attorneys' fees from MBUSA for this civil action. "The general rule in Indiana, and across the country, is that each party pays its own attorney's fees; and a party has no right to recover them from the opposition unless it first shows they are authorized."[4] *River Ridge Dev. Auth. v. Outfront Media, LLC*, 146 N.E.3d 906, 912 (Ind. 2020). State common law and statutory exceptions also permit awards of attorneys' fees to the prevailing party. *See id.* at 915 (discussing the common law obdurate behavior exception, the court's inherent authority to sanction parties for bad faith, and Indiana Code § 34-52-1-1). The term "prevailing party" is defined as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Prevailing Party, Black's Law Dictionary* (11th ed. 2019).

In Indiana, courts may "award attorney's fees as part of the cost to the prevailing party" when either party has acted frivolously or in bad faith. Ind. Code § 34-52-1-1. Federal courts may also award attorneys' fees to the prevailing party when explicitly

---

[4] Indiana law is being applied based on the choice of law provision in Defendant Jayco, Inc.'s Limited Warranty related to the motorhome at issue in this case. [DE 9-1 at 11]. Jayco reported the parties' agreement that Indiana law governs Plaintiffs' claims here in its Unopposed Motion for Transfer of Venue decided by the United States District Court for the District of Montana. [DE 9 at 2].

authorized by Congress. See *Baker Botts L.L.P. v. ASARCO L.L.C.*, 576 U.S. 121, 126 (2015) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975)). The Magnuson-Moss Warranty Act provides just such authority in cases brought under the Act when the consumer plaintiff prevails. 15 U.S.C. § 2310(d)(2). Montana's Lemon Law also authorizes awards of "reasonable attorney fees" in motor vehicle claims to plaintiffs who "secure[] a judgment equal to or greater than the amount of damages." Mont. Code Ann. 25-10-303.

Here, Plaintiffs have not and cannot recover judgment on any of their three operative claims because they undisputedly waived any such claims through the Release thereby precluding the liability necessary for judgment. Lacking a judgment, Plaintiffs generally could not be deemed a prevailing party either.

Under some circumstances, settlement agreements like the instant Release may confer prevailing party status on a party if there is "some judicial approval of the settlement and some level of continuing judicial oversight." *T.D. v. La Grange Sch. Dist. No. 102*, 349 F.3d 469, 479 (7th Cir. 2003) (citing *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 n.7 (2001)). The operative Release does not fall into this excepted category. Plaintiffs and MBUSA entered into the Release on their own without any supervision or oversight by the courts. Thus, the Release must simply be enforced as a binding contract between private parties without any court's imprimatur making it impossible for either Plaintiffs or MBUSA to gain prevailing party status in this action. Without a prevailing party, there can be no award of attorneys' fees for any of Plaintiffs' three claims.

With no genuine dispute of material fact as to Plaintiffs' substantive claims against MBUSA or any resulting claims for fees and costs, MBUSA is entitled to judgment as a matter of law.[5] Accordingly, summary judgment in favor of MBUSA must be granted.

### Jayco's Motion for Summary Judgment

Like MBUSA, Jayco relies upon the Release to argue that it is also entitled to summary judgment. To start, Plaintiffs have not only failed to establish any genuine dispute of material fact as to their claims against Jayco but have also waived any such argument by failing to file any response to Jayco's instant Motion. *See Parkhurst*, 865 F.3d at 524 (undeveloped arguments are waived). Plaintiffs' lack of response is of no advantage to Jayco here, however, because Jayco has not established that it is entitled to judgment as a matter of law.

Jayco posits that even as a non-signatory to the Release, the terms of the Release applied thereby releasing it from any liability for Plaintiffs' claims, which clearly arise from their experiences with the RV. Indeed, a third-party non-signatory may be released from liability through a release agreement when it is clear from the terms of the agreement that the parties to the agreement intended to release the third party from liability. *See OEC-Diasonics v. Major*, 674 N.E.2d 1312, 1315 (Ind. 1996) ("One not a party to an agreement may nonetheless enforce it by demonstrating that the parties intended

---

[5] In their inartful response brief, Plaintiffs seem to suggest that they incurred attorney fees that were not part of their loss from the purchase, ownership, lease, or use of the RV. [DE 31 at 4 ("They have damages of attorney fees that a jury could determine was not part of the loss from purchase, ownership, lease or use of their Motorhome.")]. Yet Plaintiffs' complaint is limited to the three Counts directly connected to their experiences with the RV. Therefore, claims for attorney fees beyond the scope of these claims have not been pled, are not currently before the Court, and are not relevant to MBUSA's instant motion for summary judgment.

9

to protect him under the agreement by the imposition of a duty in his favor.); *Huffman*, 588 N.E.2d at 1267 ("A release executed in exchange for proper consideration works to release only those parties to the agreement unless it is clear from the document that others are to be released as well."). In order to determine whether a release agreement between signatories also releases the world from liability for the same matter, courts look for language in the document that explicitly extends the terms of release to third parties. *See Dulworth v. Bermudez*, 97 N.E.3d 272, 281 (Ind. Ct. App. 2018) (holding that the words "all other persons" in an agreement released the non-signatory defendant from liability); *Evan v. Poe & Assocs.*, 873 N.E.2d 92, 101 (Ind. Ct. App. 2007) (holding that an agreement applied to all other parties when it released the signatory "together with all other persons, firms and corporations"); *Stemm v. Est. of Dunlap*, 717 N.E.2d 971, 976 (Ind. Ct. App. 1999) (finding that the plaintiff waived his claims against the defendant when he released "all other persons and organizations who are or might be liable").

In this case, the Release is missing the "all other persons" language traditionally relied upon by Indiana courts. The Release expressly releases only the "Releasees and all of their agents, servants or employees" where "Releasees" are defined as "Mercedes-Benz USA, LLC, Daimler Aktiengesellschaft, Mercedes-Benz Of Billings and all Mercedes-Benz USA Franchise Dealerships." [DE 23-1]. Jayco is mentioned nowhere in the Release. There is nothing in the Release that demonstrates the signatories intended to release the world, or Jayco, from claims arising under the plaintiffs' ownership of the RV.

Ironically, Jayco relies on *Dulworth v. Bermudez* to support its argument for release while acknowledging in a parenthetical that the agreement at issue in that case contained

10

the pivotal language "all other parties." [DE 34 at 3–4]. Beyond that, Jayco only cites two other, nonbinding cases to support their assertion that the Release precludes liability against it just like MBUSA. One case does not help Jayco's case here at all as it, like *Dulworth*, involved a release agreement using plainly broad language to release both signatories and non-signatories—identified specifically as "any and all other persons, firms, corporations . . ., partnerships and parties"—from liability for claims arising from the accident at issue in the underlying lawsuit. *Baudoin v. Montoya*, 2007-910 (La. App. 3 Cir. 1/30/08), 974 So. 2d 877, 880, *writ denied*, 2008-0479 (La. 5/2/08), 979 So. 2d 1284.

The second case espouses the principle that settlement agreements can apply to non-signatories, even without specific reference to non-signatories, if the agreement merely includes a broad release of claims "arising under" the underlying lawsuit. *Tolbert v. Kelly*, 305 P.3d 192, 193 (Utah Ct. App. 2013). Utah's "arising under" doctrine contradicts Indiana's approach, which requires in the agreement establishing the intent of the signatories to release non-signatories from liability. *See, e.g.*, *OEC-Diasonics v. Major*, 674 N.E.2d at 1315; *Huffman*, 588 N.E.2d at 1267; *Dulworth*, 97 N.E.3d at 281; *Evan*, 873 N.E.2d at 101; *Stemm*, 717 N.E.2d at 976.

Thus, Jayco has failed to establish that it is entitled to judgment as a matter of law. Accordingly, summary judgment is not warranted.

## CONCLUSION

For the reasons discussed above, MBUSA's motion for summary judgment is **GRANTED** [DE 21] and Jayco's motion for summary judgment is **DENIED**. [DE 33]. All claims against MBUSA are dismissed. The stay of discovery entered on November 4,

2021, is now **LIFTED**. Consistent with the Court's previous order, the remaining parties shall file a proposed discovery plan no later than **September 10, 2022**. [DE 26].

    **SO ORDERED** this 11th day of August 2022.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
